IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE CHAVEZ,**

      **Petitioner,**

 vs.                                         **CIVIL NO. 04-0691 WPJ/WDS**

**ERASMO BRAVO, Warden**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

This is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Lawrence Chavez, an inmate of the Lea County Correctional Facility, Hobbs, New Mexico. Chavez is acting *pro se*, and was granted leave to proceed *in forma pauperis*. Respondents filed an Answer and Return including the state court records and transcripts of Chavez's May 1, 2003 plea hearing. Respondents have moved to dismiss the petition, and Petitioner has filed his reply. Having considered all the materials filed, the court makes the following findings and recommended disposition.

### CLAIMS

Chavez claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution. Chavez claims his attorney: (1) failed to present evidence that would have assisted his defense; (2) failed to withdraw from the case despite a conflict of interest; (3) failed to reduce his sentence and (4) failed to present evidence of past abusive relationships that the criminal complainant had with other boyfriends. Chavez also alleges that there was insufficient evidence to prove that he entered the property in question with the "intent" to

commit a felony. Finally, Chavez alleges that he was impermissibly denied an evidentiary hearing and the opportunity to file a reply brief in the state habeas proceedings.

## FACTUAL BACKGROUND

Petitioner Lawrence Chavez entered into a dating relationship with Betty Peywa in March of 2000. Chavez moved into the trailer home owned by Ms. Peywa. In July 2000, Ms. Peywa obtained an Order of Protection from the Domestic Violence Commission of McKinley County which forbade Petitioner from having any contact with Ms. Peywa or her home. Notwithstanding the order, the couple continued the relationship, which continued to be marked by violence. In May 2001 Ms. Peywa petitioned the Court to terminate the protection order in an effort to salvage the relationship. On May 30, 2001 the Court left the order in place but granted permission for the couple to live together.

However, at some point within the next week Ms. Peywa decided to terminate the relationship. On June 7, 2001 she changed the lock on the door of the trailer. In the early morning hours of June 8, 2001 Petitioner returned to the home, entering through a window directly over the bed in which Ms. Peywa was sleeping. Ms. Peywa testified that she awoke to Petitioner straddling her stomach, beating and cursing her. Petitioner remained in the trailer overnight, and on two occasions the Petitioner and Ms. Peywa engaged in sexual relations. Ms. Peywa made no attempt to flee the trailer. However, the following morning she was escorted from the trailer and to the hospital by a neighbor, who had helped Ms. Peywa change the lock on her trailer, who was aware of the history of violence in the relationship, and who was concerned at the presence of Petitioner's truck outside Ms. Peywa's trailer. Photographs of Ms. Peywa's injuries were taken at the hospital and later introduced at trial. Lawrence Chavez was convicted of Aggravated Burglary, Breaking and

Entering, and Kidnaping after a jury trial in the Eleventh Judicial District Court for McKinley County, New Mexico. Defendant was sentenced to incarceration for nineteen years and six months, followed by five years parole.

Petitioner's conviction was affirmed on appeal to the Court of Appeals of the State of New Mexico. (R.P. 322-327) His petition for a writ of certiorari was denied on March 7, 2003. Chavez filed a petition for habeas corpus in state court. (R.P. 335-341) The grounds for that petition were essentially the same as for the current petition. The petition was denied on February 23, 2004 by District Judge Grant Foutz, who was also the trial judge. (R.P. 346) Petitioner sought review by way of a Petition for Writ of Certiorari, but the petition was denied by the New Mexico Supreme Court on April 1, 2004. (R.P. 348)

STANDARD OF REVIEW

AEDPA

Having exhausted his state remedies, Chavez filed this petition for federal habeas corpus relief. Since Chavez is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, relief shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Chavez's allegations implicate both the "unreasonable application" clause of subsection (d)(1) and "unreasonable determination of the facts" clause of subsection (d)(2). In addition, Chavez' petition can be said to raise the threshold question of whether

the underlying state court decision was "on the merits."

The "unreasonable application of the law" clause of subsection (d)(1) does not empower a habeas court to grant the writ merely because it disagrees with the state court's decision. The critical question is not whether reasonable jurists agree, but whether the state court's application of Supreme Court precedent was objectively unreasonable. See *Williams v. Taylor*, 529 U.S. 362, 410-11, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000). Federal habeas courts are not precluded from considering the decisions of the inferior federal courts when evaluating whether the state court's application of the law was reasonable. *Matteo*, 171 F.3d at 890, citing *O'Brien*, 145 F.3d at 25. Such decisions may be "helpful amplifications of Supreme Court precedent." Id.

Relief under the "unreasonable determination of the facts" clause of subsection (d)(2) is subject to the provisions of 28 U.S.C. § 2254(e)(1), which requires a habeas court to presume that factual determinations made by the state court are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence. The Tenth Circuit Court of Appeals has stated that in light of *Williams*, factual findings are reviewed under a clearly erroneous standard and legal conclusions de novo. *Valdez*, 219 F.3d 1222, 1231 (10th Cir. 2000), cert. denied, 149 L. Ed. 2d 481, 532 U.S. 979, 121 S. Ct. 1618 (2001), citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied, 528 U.S. 1120, 145 L. Ed. 2d 820, 120 S. Ct. 944 (2000).

## WERE PETITIONER'S CLAIMS ADJUDICATED ON THE MERITS IN STATE COURT

Petitioner's initial objection is that he was not granted an evidentiary hearing in conjunction with his state court habeas petition, nor was he given the opportunity to file a reply brief. State habeas proceedings are governed in New Mexico by Rule 5-802 NMRA. Ordinarily, a claim that

New Mexico courts misinterpreted or misapplied New Mexico law is not grounds for habeas relief[1]. *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy*, 68 F. 3d 1234, 1238 (10th Cir. 1995), cert. denied, 516 U. S. 1178 (1996).  However, construing Petitioner's *pro se* pleadings liberally, as we must,  *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)(per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991), the petition could be seen to question whether the state court habeas petition was actually adjudicated on the merits.

While the state court did not hold an evidentiary hearing and summarily denied the motion, its denial was not merely on technical defect or procedural irregularity.  Rather, the court's order states that "the court being fully informed as to all matters pertinent hereto, the court finds the defendant's motion is not well taken."  (R.P. 346)  There is authority for the proposition that a court's summary dismissal of a habeas petition constitutes an adjudication on the merits.  *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir. 1999)(affording deference under the AEDPA to state court's rejection of claim's merit, despite lack of any reasoning).  *See also, Wright v. Angelone,* 151 F3d. 151, 157 (4th Cir. 1998)(refusing to presume that a summary order indicated a cursory or haphazard review of a petitioner's claims).  Accordingly, this Court finds that Petitioner's state habeas claims were considered and denied by the state court on the merits, and Petitioner's remaining claims are subject to review under the standard set forth in 28 U.S.C. §2254(d).

---

[1]State habeas corpus procedure is governed by Rule 5-802 of the New Mexico Rules of Criminal Procedure.  The Rule does not provide a time frame in which Petitioner is entitled to file a reply or rebuttal.  There is not an entitlement to an evidentiary hearing under the Rule.  Nor has Petitioner identified a single factual issue that should have been addressed in such a hearing. There is simply no evidence that Petitioner was deprived of any due process under New Mexico's Rule 5-802.

REVIEW UNDER 28 U.S.C. § 2254(d)(1)

Petitioner's remaining allegations are correctly styled as an ineffective assistance of counsel claim. The threshold inquiry is whether Chavez seeks to apply "clearly established" Supreme Court law. That question is easily answered because the merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). To establish deficient performance, Chavez must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams*, 529 U.S. at 390 quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, Chavez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the

6

prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges that his defense counsel was defective in the following ways: 1) He failed to present evidence constituting Petitioner's version of events; 2) He failed to present evidence of Ms. Peywa's previous abusive relationships with other men; 3) He failed to mitigate Petitioner's sentence by filing a Motion for Reconsideration; and 4) He failed to withdraw from the case when he realized that he was best friends with Ms. Peywa's ex-husband. The Court will address each in turn.

1. <u>Whether defense counsel failed to present Petitioner's version of the incident at trial</u>.

Petitioner alleges that defense counsel failed to adequately present his version of the incident to the jury. The Court first notes that Petitioner has not given any indication of how his attorney should have more thoroughly presented his version of events to the jury. There were no witnesses to the incident, other than Ms. Peywa, who testified and was cross-examined by defense counsel. To the extent that Ms. Peywa's testimony differed from Petitioner's version of events, the only option available to defense counsel would have been to call Petitioner to testify, which he did not do. For example, Ms. Peywa testified at trial that she awoke to find Petitioner on top of her, beating and cursing her. Petitioner alleges at Page 6a of his petition that he heard Ms. Peywa say "You might as well come on in" after he removed the screen from her bedroom window. Petitioner also states in his version of events that he pushed Ms. Peywa, while Ms. Peywa testified that she was beaten by Petitioner. In the absence of any other witnesses, Petitioner would have had to testify in order to get the allegations contained in his petition before the jury in the criminal trial.

Petitioner has not revealed the advice he received from his attorney regarding the advisability

of taking the stand in his own defense. He has not alleged that he was prevented or discouraged from exercising his right to testify on his own behalf. However, it is clear that such strategic or tactical decisions on the part of counsel are presumed correct unless they are not merely wrong, but are so "completely unreasonable that they bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir.2000). In this instance any advice given to Petitioner by his attorney would have been colored by the fact that Petitioner had given a taped statement to the police on the morning after the incident, and that tape was played to the jury[2]. To the extent that Petitioner gave his version of events during that interview, playing the tape in the courtroom enabled that information to be conveyed to the jury without the significant risks associated with cross-examination of the Petitioner, had he testified. Additionally, there was significant physical evidence and medical testimony that documented Ms. Peywa's injuries, such that defense counsel admitted during his closing argument that Petitioner had "beaten up" Ms. Peywa. (R.P. 185) Had Petitioner testified at trial, as he proposes in his habeas brief, that he had simply "pushed" Ms. Peywa, it is far from clear that he would have been advancing his cause.

It is clear to the Court that defense counsel's apparent advice that Petitioner not testify in his own defense was, in all likelihood, very sound advice. In no event could the advice be deemed

---

[2]The record proper contains an audiotape recording made while the taped interview was played in the courtroom. The quality of the recording is marginal, at best, and the summary of testimony notes only that the tape was played. (R.P. 158-159) The interview includes a discernable discussion about the domestic violence restraining order that had been entered against Petitioner, and its subsequent modification. Petitioner's appellate counsel, however, summarized the interview as follows in his appellate brief: "[Petitioner] stated that he had indeed entered the trailer occupied by Betty Peywa. He also admitted that he had sex with Ms. Peywa. He explained that he was living with Ms. Peywa in the trailer, and that he entered the dwelling with her permission: she had told him that if he found himself locked out of the trailer, he should enter through the window." (Appellant's Memorandum in Opposition to Opposed Summary Affirmance, p. 3)

"completely unreasonable" so as to constitute ineffective assistance of counsel. The Court further notes that it has reviewed the entire record proper, and finds that defense counsel provided Petitioner with a vigorous, competent defense that could in no way be construed to fall below the *Strickland* standard.

Having concluded that Petitioner has not established that his defense counsel's presentation of evidence to the jury was deficient under *Strickland*, it is not necessary for the Court to address the prejudice component of the two-part *Strickland* test. However, the Court will note that Respondent's brief in support of its Motion to Dismiss meticulously deconstructs Petitioner's assertion that his version of events was not presented to the jury. To the contrary, the record proper and the docketing statement for Petitioner's appeal make it clear that the majority of the evidentiary points advanced by Petitioner were, in fact, put before the jury, primarily through the cross examination of Ms. Peywa. The Court recommends the dismissal of the ineffective assistance of counsel claims related to defense counsel's purported failure to present evidence of Petitioner's version of the incident with Ms. Peywa.

2. Whether defense counsel was ineffective by failing to present evidence of Ms. Peywa's past abusive relationships with men.

Petitioner alleges that his defense counsel was ineffective in that he failed to present Ms. Peywa's previous abusive relationships with men. Petitioner has provided no specific information or detail about the previous relationships and the alleged abuse. Allegations that are conclusory in nature and not supported with factual averments will not support a claim of ineffective assistance of counsel. *United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir.1994). The Court is not required to fashion Petitioner's arguments for him where his allegations are merely conclusory in nature and

9

without supporting factual averments. *Id*. The Court recommends the dismissal of the ineffective assistance of counsel claims related to defense counsel's purported failure to present evidence of Ms. Peywa's past abusive relationships.

3. <u>Whether defense counsel was ineffective by failing to mitigate Petitioner's sentence by filing a motion for reconsideration</u>.

Petitioner alleges that his defense counsel was ineffective in that he failed to file a motion for reconsideration of Petitioner's sentence on the grounds that this was Petitioner's first criminal offense and that Petitioner had cooperated with law enforcement officials as much as his attorney allowed him to. Petitioner has failed to present any evidence that his substantial sentence resulted from mistake on the part of the sentencing judge regarding Petitioner's criminal history or the degree of Petitioner's cooperation with law enforcement. To the contrary, review of the transcript of the sentencing hearing and the sentencing order shows clearly that the judge considered Petitioner's acts to be particularly serious, and sentenced Petitioner accordingly. Petitioner was sentenced to nine years for aggravated burglary, and nine years for kidnaping, both sentences to be served consecutively. The sentencing judge acted within the bounds of his discretion to impose consecutive sentences, and Petitioner has presented no evidence that the sentencing judge would have been inclined to change his mind upon reconsideration. The Court recommends the dismissal of the ineffective assistance of counsel claims related to defense counsel's failure to file a motion for reconsideration of Petitioner's sentence. The failure to file such a motion was not error, nor was Petitioner prejudiced by the failure to file such a motion.

4. <u>Whether defense counsel was ineffective by failing to withdraw as counsel when he realized he was best friends with Ms. Peywa's ex-husband</u>.

Petitioner next alleges that defense counsel should have withdrawn as counsel when he realized that Ms. Peywa's ex-husband was a close friend. To establish a Sixth Amendment conflict violation, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interests adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980), *cited in Church v. Sullivan,* 942 F.2d 1501, 1510 (10th Cir. 1991). In this instance Petitioner has presented no evidence of how the purported friendship adversely affected defense counsel's performance. As noted above, a review of the record proper reveals that defense counsel provided Petitioner with a vigorous, competent defense. The after-the-fact suggestion of a possibility of a conflict is insufficient to warrant overturning Petitioner's conviction. *See*, *Cuyler v. Sullivan*, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980). Additionally, the Court reiterates that allegations that are conclusory in nature and not supported with factual averments will not support a claim of ineffective assistance of counsel. *United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir.1994). The Court recommends the dismissal of the ineffective assistance of counsel claims related to defense counsel's purported conflict of interest.

## CONCLUSION

For the reasons set forth above the Court recommends the dismissal of Petitioner's habeas corpus petition under 28 U.S.C. §2254.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**